UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-6-13
```

HELEN-MAY HOLDINGS, LLC,

        Appellant,

-v-

ROBERT L. GELTZER,

        Appellee.

*In re*:

KOLLEL MATEH EFRAIM, LLC,

        Debtor.

No. 13 Civ. 6643 (RJS)

(Bankruptcy Appeal)

ORDER

RICHARD J. SULLIVAN, District Judge:

  Now before the Court is the motion of bankruptcy trustee Robert Geltzer ("Appellee") to dismiss this appeal filed by Helen-May Holdings, LLC ("Appellant"), based on Appellant's failure to timely file its record designation and statement of issues on appeal (the "Designation and Statement") pursuant to Federal Rule of Bankruptcy Procedure 8006. Appellee also moves the Court to sanction Appellant for bringing this appeal. For the reasons that follow, Appellee's motion to dismiss is granted and his motion for sanctions is denied.

I. BACKGROUND

A. Facts

  On June 4, 2013, the Bankruptcy Court approved a settlement agreement in an adversary action that Appellee settled on behalf of Appellant, among others.[1] (*See* Decl. of Robert A.

---

[1] The following facts are taken from the declarations and exhibits submitted in connection with Appellee's motion.

Wolf, dated Nov. 1, 2013, Doc. No. 11 ("Wolf Decl."), Ex. 2.) Appellant objected to that settlement, so, pursuant to Federal Rule of Bankruptcy 8002(a), Appellant filed its notice of appeal in Bankruptcy Court on June 17, 2013. (*See id.*) Pursuant to Rule 8006, Appellant then had fourteen days to file a "designation of the items to be included in the record on appeal and a statement of the issues to be presented." On July 1, 2013, the fourteenth day, Appellant moved for a thirty-day extension under Rule 9006(b)(1), which permits a bankruptcy court to extend time if adequate cause is shown for the extension. (*See id.* Ex. 3.) For its showing of adequate cause, Appellant offered the bare explanation that it "require[d] additional time to prepare the [Designation and Statement]." (*Id.*)

The Bankruptcy Court set August 20, 2013 for argument on Appellant's motion for an extension of time to file the Designation and Statement. (*See id.* Ex. 5.) However, the day before the conference, Appellant filed the Designation and Statement, "intending that [the Bankruptcy Court] would find the [extension] issue moot." (Opp. at 3.) Noting, however, that Appellant's motion "fail[ed] to show cause [because it] just cite[d] that [Appellant] need[ed] more time," the Bankruptcy Court denied the request and thus deemed Appellant's August 19, 2013 filing to be untimely. (Wolf Decl. Ex. 5 at 3:3–19.)

B. Procedural Background

On September 19, 2013, Appellant filed a notice of appeal of the Bankruptcy Court's approval of the settlement in the adversary action, appending its untimely Designation and Statement to the appeal. (Doc. Nos. 1, 2.) After a pre-motion conference on October 18, 2013 (*see* Doc. No. 7), Appellee filed his motion to dismiss this appeal (Doc. No. 8). Appellant

---

In deciding the motion, the Court also considered Appellee's brief in support of its motion ("Mem."), Appellee's opposition brief ("Opp."), and Appellee's reply brief ("Reply").

2

replied on November 15, 2013 (Doc. No. 15), and Appellee replied on November 22 (Doc. No. 18).

## II. DISCUSSION

### A. Untimely Designation and Statement

Appellant never sought reconsideration of the Bankruptcy Court's denial of the motion for an extension nor has Appellant appealed that ruling here. Accordingly, it is undisputed that Appellant's Designation and Statement is untimely (*See* Opp. at 5; Mem. at 2), so the question before the Court is whether Appellant's untimely Designation and Statement justifies dismissal.

The timeline for filing a record designation and statement of issues on appeal is set forth in Federal Rule of Bankruptcy 8006, which states that:

> Within 14 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the [bankruptcy] clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

This filing is "mandatory," *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005), but if a party cannot meet the deadline set in Rule 8006, Rule 9006(b)(1) provides a method for requesting an extension of the fourteen-day filing window:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

However, should a party fail to timely file a designation and statement *and* fail to meet the conditions of Rule 9006(b)(1), it "is not allowed to file [its designation and statement, and its] appeal cannot proceed." *Lynch*, 430 F.3d at 603. The Bankruptcy Court concluded that

3

Appellant did not satisfy the conditions of Rule 9006(b)(1). (*See* Wolf Decl. Ex. 5 at 3:3–6.) As this Court noted at the pre-motion conference on October 18, 2013, that ruling is not raised in this appeal, and the parties do not dispute that Appellant's filing was untimely. Because, on the record before the Court, Appellant's late filing is not excused under Rule 9006(b)(1), this appeal cannot proceed.

The Court notes, however, that, even if the Bankruptcy Court's ruling were raised in this appeal, the appeal would still be dismissed. The Court reviews a bankruptcy court's denial of a motion for an extension for abuse of discretion. *See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 146 B.R. 84, 87 (S.D.N.Y.1992) ("Since the determination of whether or not a case is an appropriate one in which to grant a request to file late is expressly left to the Bankruptcy Court's discretion, this Court may review the Bankruptcy Court's decision for abuse of discretion only."). Rule 9006(b)(1), which governs extensions, includes two separate prongs, and, as the Bankruptcy Court correctly noted (*see* Wolf Decl. Ex. 5 at 3:3–4), this case falls under the first prong because Appellant sought leave for an extension before its time lapsed for filing the Designation and Statement.[2] Therefore, the Bankruptcy Court *could* have "for cause shown . . . in its discretion . . . order[ed] the [fourteen-day] period enlarged." Fed. R. Bankr. P. 9006(b)(1). Applying this standard, though, the Bankruptcy Court did not abuse its discretion in determining that Appellant failed to meet the "cause shown" requirement for the simple reason that Appellant set forth *no* cause for its motion. (*See* Wolf Decl. Ex. 3.) Given that Appellant failed to make any showing in support of its last-minute request for an extension, the Court sees no basis on which it could upset the Bankruptcy Court's ruling.

---

[2] Appellant mistakenly addresses the second prong of Rule 9006(b)(1) (Opp. at 7–9), which permits a late filing only in cases of excusable neglect, Fed. R. Bankr. P. 9006(b)(1); *In re Lynch*, 430 F.3d at 603.

4

### B. Sanctions

Appellee also urges the Court to impose sanctions on Appellant for filing this appeal even though its Designation and Statement was clearly untimely. Given that Appellee appended this sanctions motion to its motion to dismiss without prior notice to Appellant, sanctions would be inappropriate under Federal Rule of Civil Procedure 11, which requires that a "motion for sanctions . . . be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Nor does the Court deem that exercising its inherent sanctions power is appropriate in this case. "A court must . . . 'exercise caution in invoking its inherent power,' as it is only in cases in which the statute is not 'up to the task, that the court may safely rely on its inherent power.'" *Costello v. Int'l Bus. Mach. Corp.*, 2006 WL 2370246, at *3 (S.D.N.Y. Aug. 16, 2006) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)). Aside from emphasizing that Appellant's Designation and Statement was untimely, Appellee does not identify any specific misbehavior, let alone the sort of egregious behavior that warrants the exercise of the Court's inherent sanctions power. (*See* Mem. at 8–9; Reply at 7–8.) Moreover, the Court notes that Appellee could have nipped this issue in the bud by following the Bankruptcy Court's recommendation and filing a motion to strike the Designation and Statement before the appeal came before the District Court. (*See* Wolf Decl. Ex. 5 at 3:5–13.) The circumstances at issue here do not justify a diversion from the sanctions procedure set forth in the Federal Rules. Accordingly, the Court denies Appellee's sanctions motion.

### III. CONCLUSION

For the reasons above, IT IS HEREBY ORDERED THAT Appellee's motion to dismiss the appeal is granted for lack of a timely record designation and statement of issues on appeal,

but Appellee's motion for sanctions is denied. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 8 and to close this appeal.

SO ORDERED.

Dated:	December 6, 2013
	New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

\*   \*   \*

Appellant is represented by David Carlebach of the Law Offices of David Carlebach, Esquire, 40 Exchange Place, New York, New York 10005.

Appellee is represented by Robert A. Wolf of Squire, Sanders L.L.P., 30 Rockefeller Plaza, New York, New York 10112.